PAYNE & AL.

*v.*

MORRISS.

*(Supreme Court of Appeals of Virginia, March 8, 1888.)*

[5 S. E. Rep. 568.]

Trusts—Incompetence of Trustee—Execution of Trust by Court.

A marriage settlement provided that the trustee, on the consent of the wife expressed in writing, should sell any portion of the real estate and invest the proceeds in other real property. The trustee, proving incompetent through intemperance, the wife applied to the court to execute the trust and sell certain unimproved real estate, and invest the proceeds: *held*, that it was proper for the court to execute the trust through its commissioner.

Same—Sale and Investment—Application for—Report of Commissioner.

Where on application of plaintiff, holding a life-estate in certain unimproved lots under a marriage settlement, for their sale and the investment of the proceeds in improved property, the court commissioner reported that such sale was for the interest of all concerned, it was a substantial compliance with Code Va. c. 124, ¿ 2, providing for the sale of such property on petition and proper showing by the trustee, and a decree ordering the sale was properly rendered.

Appeal from chancery court of Richmond ; A. L. Holladay, Chancellor.

Pauline B. Morriss, plaintiff, filed a bill against R. G. Morriss, trustee, Garland Morriss, Walter C. Morriss, E. A. Morriss, M. H. Payne et ux., and R. T. Lacy et ux., to have the court sell certain unimproved property, in which she was life-tenant under her marriage settlement, and invest the proceeds in improved real estate. Decree for

plaintiff, and defendants Payne et ux. and Lacy et ux. appeal.

*James Christian*, for appellants.

*Meredith & Cocke*, for appellees.

Hinton, J., delivered the opinion of the court.

This is a suit in equity instituted by Pauline B. Morriss, the life-tenant under a deed of settlement from her late husband, Charles Y. Morriss, and herself, to P. H. Aylett, trustee, etc., to have sold certain unimproved lots, part of the trust property, situated on the north side of Park avenue, in the city of Richmond, and to have the proceeds arising from the sale invested, under the decree of the court, in improved and productive real estate. By the deed of settlement, the property is conveyed in trust "to the sole and separate use of the said Pauline B. Morriss during her natural life  *  *  *  for the support and maintenance of herself and her children, present or future, by said Chas. Y. Morriss," with remainder over in fee, at the death of the said P. B. Morriss, to her children or their descendants *per stirpes*; with power to the said P. H. Aylett, or his heirs, or any substituted trustee or trustees, with the consent of the said P. B. Morriss expressed in writing, *  *  *  to sell the whole or any part of the property *  *  *  conveyed, and invest the proceeds thence arising in other real estate," etc. On the death of Aylett in 1870, R. G. Morriss, a son of the said Pauline B. Morriss, became the trustee in said deed. In 1884, C. Y. Morriss died, leaving his widow, the said P. B. Morriss, with but a small and precarious income to support herself and her infant children,—three in number. In this state of the case she determined to sell the above-described unimproved property; but, being unwilling to trust to her trustee, who

was a man of intemperate habits, she applied to the court of chancery to execute the trust. The bill is framed in accordance with the provisions of section 2, c. 124, Code 1873; but in it the plaintiff asserts her ''perfect right to have the property sold and the proceeds reinvested in other real estate by merely giving a written direction to the trustee ; and it is stated that the aid of the court is invoked because the parties interested are unwilling to leave the matter to the discretion of the trustee. Five of the adult defendants answered the bill, consenting to the sale ; but the two married daughters and their husbands, the appellants here, filed answers opposing it. The court decreed in accordance with the prayer of the bill, and from that decree this appeal is taken.

And this decree is right for two sufficient and in our judgment conclusive reasons :

First. From the provision of the deed hereinbefore set out, it is plain that P. B. Morriss had the absolute right of sale over the whole property conveyed by the deed. All that she had to do was to require the trustee, in writing, to sell ; and none of the remaindermen could have prevented the sale. In this condition of things, finding the trustee incompetent to discharge the important duties with which he was charged, the life-tenant, with the consent of the trustee, evidenced by his answer, applied to a court of chancery to execute the trust. This she had the clear right to do. As this court said in Faulkner v. Davis, 18 Gratt. 651, while ''that court will never interfere with the exercise of a discretion which has been conferred by the author of a trust, so long as it is fairly exercised, yet there are many cases in which the court will prevent its improper exercise, and will itself exercise it when the person on whom it is conferred refuses to do so, or is prevented by death or otherwise from doing so.'' The case at bar falls within the

latter category. Here the trustee, in consequence of his intemperate habits, was incompetent to execute the trust, and it was therefore eminently proper in the court to execute the trust through its commissioner. 1 Perry, Trusts, § 38.

Second. The decree is also right, because in this case there has been, if not a literal, yet a substantial, compliance with the requirements of the statute for the sale of trust property. Code 1873, c. 124, § 2. As we have before stated, the bill was framed in accordance with the provisions of the statute. In the first report of the commissioner he reported that the interest of all parties concerned would be promoted "by the sale of part of said real estate, investing its proceeds * * * in other and productive real estate." The court thereupon, by a decree entered on the 14th day of July, 1886, held that the plaintiff could not as a matter of right have a decree of sale. The cause was again referred to a commissioner, who reported, and as we think in accordance with the clear preponderance of evidence, that there should be an immediate sale of the property. Whereupon the court directed the sale of the property by its special commissioners. Thus it will be seen that the provisions of the statute were substantially complied with. The plaintiff was a beneficiary under the deed of settlement, the proceedings were regular, and it is shown that the interest of all concerned will be promoted by a sale. The decree for a sale was therefore properly rendered.

For these reasons the court is of opinion that the decree of July 14, 1886, was erroneous in deciding that the plaintiff did not acquire the absolute right of sale under the deed of settlement, but that it did not err in its decree of December 7, 1886, directing a sale, which must therefore be affirmed.